UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| KEITH STAINES, | : | Case No. 05-27224REF |
|     Debtor | : | Chapter 7 |

---

| | | |
|---|---|---|
| KEITH STAINES, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 06-2108 |
| | : | |
| ENGINES, INC., | : | |
|     Defendant | : | |

M E M O R A N D U M   O P I N I O N

**I.  INTRODUCTION AND BACKGROUND**

Before me for disposition is Defendant's Motion To Dismiss Plaintiff's Amended Complaint.  Plaintiff's Amended Complaint alleges that prior to the date Plaintiff filed his Chapter 7 bankruptcy petition, Defendant performed unsatisfactory repair work on Plaintiff's 1994 tractor trailer and misrepresented the following matters: The cost of repair; payment arrangements for the repair bill; the use of after market parts used in the repair; the existence of a warranty; and the cause of problems that Plaintiff experienced with the tractor trailer after Defendant performed the original repair work.  See Amended Complaint, ¶¶9-14, 20-28, 30-37, 40-55, 61-66, 71-73, 75-77.  As a result, Plaintiff alleges that he was unable to use the tractor trailer for 16 weeks, resulting in a loss of $40,000 in income.  Plaintiff also alleges that he was required to replace the 1994 tractor trailer with a 2001 tractor trailer and that he suffered the following additional damages: $11,181.49 that he was wrongfully required to pay Defendant for the original faulty repair work; $2,040 that he was wrongfully required to pay Defendant for the

1

second repair work; $445 in towing expenses; $73,302, which represents the difference between the amount due on Plaintiff's loan for the 2001 tractor trailer and the amount remaining due on Plaintiff's loan for the 1994 tractor trailer ("loan payment difference"); and various other expenses including storage fees, fees for the transfer of tags and title, transportation expenses for the inspection of the parts used by Defendant in the original repair, and increased insurance premiums. Counts II through VI of the Amended Complaint seek to recover these damages as well as punitive damages on the following theories: Count II: fraud (relating to original rebuild); Count III: fraud (regarding alleged denial of warranty); Count IV: negligent misrepresentation (original rebuild); Count V: negligent misrepresentation (purported Cummins warranty denial); and Count VI: breach of interference with access to warranty.

In addition, Count I of the Amended Complaint alleges that Defendant willfully violated the automatic stay by contacting Plaintiff on numerous occasions, knowing that Plaintiff had filed a bankruptcy petition, and demanding that Plaintiff pay the balance of the pre-petition repair bill. Plaintiff alleges that he "incurred mental suffering, and inconvenience, unliquidated but in excess of the amount requiring compulsory judicial arbitration referral" as a result of Defendant's conduct. See Plaintiff's Amended Complaint, ¶42. Plaintiff also seeks to recover attorneys' fees and the "loan payment difference" under Count I of the Amended Complaint.

## II. DISCUSSION: DISMISSAL OF COUNT I

Defendant argues that Count I of the Amended Complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a claim upon which relief may be granted. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7012(b). When ruling on a motion to dismiss, I must

accept the facts alleged in the complaint as true and I must also accept all reasonable inferences that can be drawn therefrom. After viewing those facts and inferences in the light most favorable to Plaintiff, I may grant the motion and dismiss the complaint only if it appears that Plaintiff can show no set of facts in support of the claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Angelastro v. Prudential- Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985); John L. Motley Associates, Inc. v. Rumbaugh, 104 B.R. 683, 685 (E.D. Pa. 1989); Waslow v. Grant Thornton, LLP (In re Jack Greenberg, Inc.), 212 B.R. 76, 81 (Bankr. E.D. Pa. 1997).

Moreover, the burden is on Defendant, as the moving party, to show the legal insufficiency of the claim. Jack Greenberg, 212 B.R. at 81. In addition, the liberal requirements of notice pleading contained in Fed. R. Civ. P. 8(a), which is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. P. 7008(a), require only that "a complaint put the defendant on notice of the claims against him." Ginley v. E.B. Mahoney Builders, Inc., No. Civ. A. 04-1986, 2005 WL 27534 at *1 (E.D. Pa. January 5, 2005)(*citing* Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 790 (3d Cir. 1984); see also Millar v. Windsor Twp., No. Civ. A. 1:04-CV-2529, 2005 WL 1513120 at *2 (M.D. Pa. June 24, 2005) ("Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense.").

**A.  Mental Suffering and Inconvenience**

Defendant argues that Count I of the Amended Complaint should be dismissed because Plaintiff fails to allege that he sustained an actual injury as a result of Defendant's alleged willful

violation of the automatic stay. Specifically, Defendant maintains that the allegation contained in Count I, paragraph 42 of the Amended Complaint that Plaintiff "incurred mental suffering and inconvenience, unliquidated but in excess of the amount requiring compulsory judicial arbitration referral" as a result of Defendant's alleged willful violation of the automatic stay is insufficient to state a claim for damages under Section 362(h).[1] Defendant further maintains that because its conduct was not of such an egregious or extreme nature that emotional distress could be expected to occur, Plaintiff must allege corroborating evidence in the Amended Complaint to state a claim under Section 362(h) based upon emotional distress. I disagree. As stated earlier, the liberal rules of federal notice pleading require only that "a complaint put the defendant on notice of the claims against him." Ginley, 2005 WL 27534, at *1; see also Millar, 2005 WL 1513120, at *2, and do not require that a plaintiff affirmatively allege every bit of evidence supporting his claim. A plaintiff need only present sufficient facts to allow the defendant to conduct discovery and prepare a defense. Millar, 2005 WL 1513120, at *2.

I also agree with the approach taken by my colleague, the Honorable Diane Weiss Sigmund in Patterson v. Chrylser Fin'l. Co. (In re Patterson), 263 B.R. 82, 97 (Bankr. E.D. Pa. 2001), that a debtor may seek damages for emotional distress caused by a creditor's willful violation of the automatic stay, but that the emotional injury must be proven at trial. See also Rosas v. Monroe County Tax Claim Bureau (In re Rosas), 323 B.R. 893, 901 (Bankr. M.D. Pa. 2004); Wagner v. Ivory (In re Wagner), 74 B.R. 898, 905 (Bankr. E.D. Pa. 1987). I find,

---

[1] Section 362(h) was amended, and renumbered as Section 362(k), by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). This amendment and renumbering, however, apply only to cases filed on October 17, 2005 and thereafter. Because Plaintiff filed his Chapter 7 bankruptcy petition on October 12, 2005, the amendments made to, and the renumbering of, Section 362(h) by BAPCPA do not apply to this case.

therefore, that Defendant's argument that Count I of Plaintiff's Amended Complaint must allege corroborating evidence of the emotional injury caused by the willful violation of automatic stay in order to state a claim under Section 362(h) is erroneous.  Clearly, Plaintiff must establish the emotional injury at trial, but it is premature for Defendant to raise the issue in the context of a pre-trial motion.  Accordingly, I conclude that Count I of the Amended Complaint alleges facts sufficient to state a claim for relief for emotional distress based upon Defendant's alleged willful violation of the automatic stay.  Therefore, I deny Defendants' Motion To Dismiss Count I of the Amended Complaint to the extent that it is based on Debtor's request for recovery for emotional distress as an element of damages for Defendant's alleged willful violation of the automatic stay.

**B.  Loan Payment Difference**

Defendant also argues that the Amended Complaint does not allege a sufficient nexus between Defendant's alleged willful stay violation and Plaintiff's need to replace the 1994 tractor trailer to recover the "loan payment difference" as an element of damages under Count I. Specifically, paragraphs 43 and 44 of the Amended Complaint allege that:

> 43.  Plaintiff did not have the money to pay for the repairs afer [D]efendant reported that Cummins would not honor the warranty, among other things, because [D]efendant was still pressing for repayment of the bill on the Original Rebuild on a 1994 Freightliner FLD 120.
>
> 44.  Accordingly, [P]laintiff had to shop for a replacement tractor. He and his fiancé have incurred additional debt to replace the ruined tractor with another Freightliner, 2001 Century Class.  That debt that exceeds the remaining debt on the loan secured by the ruined truck by an amount that exceeds the amount requiring compulsory referral for judicial arbitration, as follows:
>
>> a.  Total of payments on loan to repay cost of $28,000 for replacement tractor: $84,325, payable to Wells Fargo Financial.

5

      b.  Less of payments on loan payable to American General, for 1994 tractor, $12,023, equals damages of $72,302.

I agree with Defendant that the Amended Complaint does not link Plaintiff's need to replace the 1994 tractor with Defendant's alleged willful violation of the automatic stay, and I therefore grant Defendant's Motion To Dismiss Count I of the Amended Complaint to the extent that Count I seeks to recover the "loan payment difference" as an element of damages for Defendant's alleged willful violation of the automatic stay.

### III.  DISCUSSION: DISMISSAL OF COUNTS II - VI

I now address Defendant's Motion To Dismiss Counts II through VI of the Amended Complaint.  Defendant argues that these Counts must be dismissed because Plaintiff lacks standing to pursue these claims.[2]  For the reasons that follow, I agree.

Plaintiff's Amended Complaint seeks damages for two distinct periods of time in which Plaintiff allegedly could not use the 1994 tractor trailer: (1) the period running from February 2, 2005 through March 18, 2005 (which was prior to the date Plaintiff filed his Chapter 7 petition on October 12, 2005) ("pre-petition causes of action"); and (2) the period running from December of 2005 through January 30, 2006 (which was after Plaintiff filed his Chapter 7 petition) ("post-petition causes of action").

Turning to those portions of Counts II through VI of the Amended Complaint that seek

---

[2]Plaintiff clearly has standing to pursue the cause of action alleged in Count I of the Amended Complaint, which seeks to recover damages under 11 U.S.C. §362(h) allegedly caused by Defendant's alleged willful violation of the automatic stay.  Greene v. Wilson-Greene (In re Greene), Adv. No. 98-0831 (Case No. 98-35663DWS), 1999 WL 138905, at *4, n.8 (Bankr. E.D. Pa. March 5, 1999); 11 U.S.C. §362(h).

to recover damages sustained by Plaintiff based upon the pre-petition causes of action, I note that such pre-petition causes of action are property of the estate that, unless abandoned by the Trustee, may only be prosecuted by the Chapter 7 Trustee.[3]  As succinctly explained by another Court:

> The bankruptcy estate encompasses, inter alia, "all legal and equitable interests of the Debtor in property as of the commencement of the case."  11 U.S.C. §541(a)(1).  Section 541 must be read broadly in determining what constitutes property of the bankruptcy estate.
>
> "Courts have uniformly held that the broad scope of §541 encompasses causes of action existing at the time" the bankruptcy action commences.  (citations omitted).
>
> Upon the filing of a Chapter 7 petition, an interim Trustee is appointed to administer, inter alia, the property of the estate.  See 11 U.S.C. §701.  The Trustee is the sole representative of the estate.  See 11 U.S.C. §323(a).  As such, the Trustee has the exclusive right to prosecute causes of action that are property of the bankruptcy estate.  (citations omitted).  Thus, after a Trustee is appointed, a Chapter 7 debtor no longer has standing to pursue a cause of action which accrued at the time the Chapter 7 petition was filed because "[o]nly the trustee ... has the authority to prosecute and/or settle such causes of action."  (citation omitted).
>
> A debtor may regain standing to pursue a cause of action if it is abandoned by the Trustee.  Under 11 U.S.C. §554(a), the Trustee may abandon property which is burdensome to the estate or that is

---

[3]Plaintiff may not cure this aspect of his lack of standing by purporting to name the Chapter 7 Trustee as an additional plaintiff.  The causes of action alleged in Counts II through VI belong to the bankruptcy estate and must be actively prosecuted by the Chapter 7 Trustee.  They may not be prosecuted by Plaintiff, the Chapter 7 debtor, purporting to act on the Chapter 7 Trustee's behalf simply by naming the Chapter 7 Trustee as a nominal plaintiff, without even obtaining the Chapter 7 Trustee's consent.  Finally, I note that even if Plaintiff obtained the Chapter 7 Trustee's consent to name her as an additional plaintiff, Plaintiff would lack standing to prosecute this adversary proceeding because the causes of action belong to the bankruptcy estate, not to Plaintiff, and it is the Chapter 7 Trustee, not Plaintiff, who must prosecute this adversary proceeding for the benefit of the bankruptcy estate.

Document    Page 8 of 11

> of inconsequential value to the estate. However, under 11 U.S.C. §554(c), a cause of action that was never scheduled cannot be abandoned to the debtor. (citations omitted). An unscheduled cause of action thus remains property of the estate pursuant to 11 U.S.C. §554(d).

Anderson v. Acme Markets, Inc., 287 B.R. 624, 628-29 (E.D. Pa. 2002). See also Lambert v. Fuller Co., Inc., 122 B.R. 243, 246 (E.D. Pa. 1990); Cain v. Hyatt, 101 B.R. 440, 441-42 (E.D. Pa. 1989); Greene v. Wilson-Greene (In re Greene), Adv. No. 98-0831 (Case No. 98-35663DWS), 1999 WL 138905, at *4 (Bankr. E.D. Pa. March 5, 1999).

Here, Plaintiff never scheduled the causes alleged in Counts II through VI of the Amended Complaint in his bankruptcy schedules, and therefore, these causes of action cannot be abandoned to Plaintiff by the Chapter 7 Trustee. Even if they had been scheduled, however, and the Chapter 7 Trustee chose to abandon them, Plaintiff would be unable to pursue these causes of action in this bankruptcy court because I would lack subject matter jurisdiction over them because they could not "conceivably have any effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984); Reed v. Phila. Housing Auth. (In re Reed), 94 B.R. 48, 52-53 (E.D. Pa. 1988).

As for the post-petition causes of action alleged in Counts II through VI of the Amended Complaint, to the extent that these causes of action involve post-petition damage sustained to the 1994 tractor trailer, which was property of the estate, the causes of action are property of the estate. Reed, 94 B.R. at 52-53; see also O'Dowd v. Trueger (In re O'Dowd), 233 F.3d 1997, 204 (3d Cir. 2000). Hence, these causes of action belong to the Chapter 7 Trustee and have not been abandoned to Plaintiff. Plaintiff, therefore, lacks standing to pursue these causes of action. Anderson, 287 B.R. at 628-29; Lambert, 122 B.R. at 246; Cain, 101 B.R. at 441-42). As above,

to the extent that these post-petition causes of action are not property of the estate, they could not "conceivably have any effect on the estate being administered in bankruptcy," <u>Pacor</u>, 743 F.2d at 994, and therefore, I would lack subject matter jurisdiction. <u>Pacor</u>, 743 F.2d at 994; <u>Reed</u>, 94 B.R. at 52. For all of these reasons, I grant Defendant's Motion To Dismiss Counts II, III, IV, V and VI of the Amended Complaint

Accordingly, I shall issue an appropriate Order that (1) denies Defendant's Motion To Dismiss Count I of the Amended Complaint to the extent that it seeks recovery for emotional distress as an element of damages for Defendant's alleged willful violation of the automatic stay, (2) grants Defendant's Motion To Dismiss Count I of the Amended Complaint to the extent that it seeks to recover the "loan payment difference" as an element of damages for Defendant's alleged willful violation of the automatic stay, and (3) grants Defendant's Motion To Dismiss Counts II, III, IV, V and VI of the Amended Complaint.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| KEITH STAINES, | : | Case No. 05-27224REF |
|     Debtor | : | Chapter 7 |

-----------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| KEITH STAINES, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | Adv. No. 06-2108 |
| | : | |
| ENGINES, INC., | : | |
|     Defendant | : | |

O R D E R

AND NOW, this 28th day of August, 2006, upon my consideration of Defendant's Motion To Dismiss Plaintiff's Amended Complaint, the Response thereto filed by Plaintiff, and the briefs filed by the parties, and based upon the discussion contained in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that Defendant's Motion To Dismiss Plaintiff's Amended Complaint is GRANTED IN PART and DENIED IN PART, as follows:

    (1) Defendant's Motion To Dismiss Count I of Plaintiff's Amended Complaint is DENIED except to the extent that it seeks to recover the "loan payment difference" as an element of damages for Defendant's alleged willful violation of the automatic stay; and

    (2) Defendant's Motion To Dismiss Count I of Plaintiff's Amended Complaint is GRANTED to the extent that it seeks to recover the "loan payment difference" as an element of damages for Defendant's alleged willful violation of the automatic stay, and

(3) Defendant's Motion To Dismiss Counts II, III, IV, V and VI of the Amended Complaint is GRANTED.

IT IS FURTHER ORDERED that Defendant shall file an Answer to Count I of the Amended Complaint within twenty (20) days of the date of this Order.

BY THE COURT

_____
RICHARD E. FEHLING
United States Bankruptcy Judge